Harper, J.,
delivered the opinion of the Court.
I am satisfied that the Chancellor was in error, in supposing that it was necessary for the defendant, Connor, to defend himself by pleading, that he was a bona fide purchaser for valuable consideration, without notice. The marriage settlement was void for want of recording, and Connor’s title was good at law. The complainant’s equity against him, rested solely on the fact, of his having had actual notice of the settlement, before his purchase ; and such notice would make out a case of fraud : but it was necessary *481 for the complainant to prove notice, in order to make out her case. The bill, it is true, was taken pro confesso, and this may be regarded as an admission of the fact: and this was for the discretion of the Chancellor, under the Act of Assembly, and the .Rule of Court, which prescribes, that when a bill is taken pro confesso, the Chancellor may require such proof as shall be satisfactory to himself. Whether the admission is sufficient in this case, ought however to be decided apart from the supposed rule, requiring Connor to defend himself by pleading.
cowt^Acts ofi808,p.33.
But there is another ground on which the Court thinks the case ought to be remanded. During the hearing of the cause in the Court below, an application was made to the Court, suggesting that one James Calder had purchased the premises of Connor, and that he should be made a party. The suggestion, however, was, that he had purchased during the pendency of the suit; and it was decided, rightly I think, that it was unnecessary to make a purchaser pendente lite a party, and that he would be bound by the decree. The rule is, that it is proper to make parties all incumbrancers, 'whose claims arose before the commencement of the suit, but not those who purchased pendente lite. There seems now, however, reason to doubt, whether Calder did purchase pendente lite. According to the authorities, there is no Us pendens, which will imply notice to purchasers until bill filed, and subpoena served. Anonymous, 1 Vern. 318. Murray v. Ballou, 1 Johns. Ch. R. 566. In this case, service of a subpoena appears to have been accepted by Connor, on the day the bill was filed; but, from the affidavit of the complainant’s counsel, it appears, that this acceptance of service was written at a period considerably subsequent, and probably after Calder’s purchase. It is true the affidavit states, that this was in confidence of an agreement, on the part of Connor, to accept service as of the first period; but such an agreement can hardly bé considered actual service. It would, at all events, bind no one but Connor himself Besides, Connor in his affidavit states, that he does not recollect any notice of the suit until after Calder’s purchase.
We cannot now decide as to these facts, or the legal effect of them. But Calder has a right to have them tried. If it be true, that Calder’s purchase was not made pendente lite, he would not be bound by the decree, and might defend himself when process is prayed to put him out of possession. This might occasion the necessity of another suit, and the Court is of opinion, that more complete and speedy justice will be done by remanding the cause, and making him a party. We have seen, that if, in fact, he purchased before the institution of the suit, he ought regularly to have been made a party; and he *482 seems t0 Ilave ^een misIed into the suggestion, that he did purchaser lite, by the acceptance of service indorsed on the subpoena, It is therefore ordered, that the cause be remanded; and the bill amen<Ied, So as t0 make the said James Calder a party, and heard upon its merits, so as to do full justice to the parties, in relation to the house and lot in question.
Petigru, for the motion.
Inglesby, contra.
Johnson, J., and O’Neall, J., concurred.

Came remanded.